**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FILOMENA FIORE | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| UNIVERSITY OF SAINT JOSEPH | : | |
| | : | AUGUST 3, 2021 |
| Defendant. | : | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. This action arises under the Americans with Disabilities Act Amendments Act 42 U.S.C. § 12101 *et seq.* and the Family Medical and Leave Act, 29 U.S.C. § 2601 et seq.

2. The jurisdiction of this court is founded upon 28 U.S.C. §1331 (federal question) and the provisions of 28 U.S.C. §1343.

3. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

4. Supplemental jurisdiction over Plaintiff's supplemental state law claims are invoked pursuant to 28 U.S.C. §1367 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

5. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. §1988.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission on May 5, 2021, and timely files this action.

**PLAINTIFF**

7. The Plaintiff, Filomena Fiore ("Plaintiff" or "Fiore") is a natural person and resident of the State of Connecticut.

**DEFENDANT**

8. The Defendant, University of Saint Joseph ("Defendant" or "USJ"), is incorporated under the laws of the State of Connecticut, registered to conduct business within the State of Connecticut, and conducts substantial business at 1678 Asylum Ave, West Hartford, CT 06117, which is where Plaintiff was employed.

9. Defendant employs more than fifty (50) employees.

**FACTUAL ALLEGATIONS**

10. USJ hired Fiore on April 2, 2018, for the position of Graduate Clinical Coordinator, which she always fulfilled in a satisfactory manner, until her wrongful termination.

11. Fiore did not have any work performance issues, disciplinary history, or prior write-ups to substantiate USJ's termination.

   **A. Fiore is Diagnosed with Breast Cancer, an ADAAA Covered Disability**.

12. Unfortunately, to her severe detriment, Fiore was diagnosed with breast cancer, in November of 2019, an ADAAA covered disability.

13. Thereafter, Fiore informed Lisa Peruccio ("Peruccio") (no known disability) Benefits Administrator, Office of Human Resources that she required breast cancer surgery on December 31, 2019.

14. Fiore also informed her direct supervisor Janet Knecht ("Knecht") (no known disability), Associate Professor of Nursing of her medically necessary leave of absence (LOA).

15. On December 5, 2019, Fiore's surgeon, Dr. Samuel Buonocore, MD ("Dr. Buonocore") completed USJ's Family and Medical Leave Act (FMLA) paperwork, inclusive of the "Certification of Health Care Provider," stating that Fiore would require surgery and needed to remain out of work until approximately February 17, 2020.

16. On December 10, 2019, USJ approved Fiore's FMLA leave request for the period of December 31, 2019, through February 17, 2020 (6 weeks).

17. On December 31, 2019, Fiore underwent her medically necessary breast cancer surgery.

18. Unfortunately, in January 2020, Fiore was informed that her cancer had spread to her lymph nodes and that chemotherapy and radiation were also going to be required in order for her to recover.

19. In February of 2020, Fiore informed Peruccio that she would require an extended LOA, due to the intensive chemotherapy sessions and radiation.

20. Accordingly, on February 20, 2020, Dr. Susan Rabinowe, M.D. ("Dr. Rabinowe") completed Fiore's additional FMLA "Certificate of Health Care Provider," stating that chemotherapy may have side effects and that Fiore would be unable to work while

receiving chemotherapy and would require additional time to recover after her chemotherapy ended.

21. Thus, Dr. Rabinowe required Fiore to remain out of work on a LOA until approximately July 31, 2020.

22. Fiore's FMLA leave would expire on March 25, 2020, and her leave under the CT FMLA would expire on April 23, 2020.

23. Nonetheless, on March 20, USJ hired a temporary nurse clinical coordinator for Fiore's position.

24. On June 29, 2020 Dr. David Grew ("Dr. Grew"), Radiation Oncologist, completed USJ's updated FMLA "Medical Questionnaire," stating that Fiore required additional time to recover from her chemotherapy and provided the following pertinent information:

- Date on which you expect the Employee to return to full-time work, with or without an accommodation (if indefinite, please state so):

  **8/31/2020**

- The percentage likelihood in your view that Employee will be able to return to full-time work, with or without an accommodation, on the date your indicated above:

  80%

(emphasis supplied)

**B. Respondent Fails to Accommodate Fiore, and Instead, Terminates her Employment Before She Returned to Work in Violation of the ADAAA.**

25. Yet, despite having an expected return to work date of <u>August 31, 2020</u>, on July 9, 2020, prior to her return to work date, Fiore received a letter from Deborah Spencer ("Spencer"), Director, Human Resources, informing her that USJ was terminating her employment retroactively, effective July 3.

26. Ms. Spencer's letter states as the reason for termination: "your doctor indicates you are <u>unable</u> to return to work with any accommodations and your medical leave was extended by an additional number of months." (emphasis added).

27. This is simply not true—Fiore's doctor indicated that there was an 80% probability that she would return on August 31, 2020.

28. Spencer did not take into consideration the fact that it was more likely than not that Fiore would be able to return to work on August 31, 2020, in her full-time capacity.

29. At no point did USJ engage in the ADAAA required 'interactive process' to determine whether or not it could accommodate Fiore any longer, despite the fact that there was a high probability (80% chance) she would be returning to work on August 31, 2020.

30. Fiore's CT FMLA was expiring on April 23, 2020—thus, Fiore was only requesting an additional four months of leave while she was battling with a serious and potentially life-threatening disability.

## COUNT ONE

### DISABILITY DISCRIMINATION,
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

31. Plaintiff hereby incorporates Paragraphs 1-30, with the same force and impact as if fully set forth herein.

32. Plaintiff's breast cancer qualifies as a disability under the ADAAA.

33. Defendant treated Plaintiff in a disparate manner in the terms and conditions of her employment based upon her disability, including, but not limited to the following:

    a) Terminating the Plaintiff's employment, on July 3, 2020, while she was still on disability leave recovering from breast cancer and ignoring the fact that her doctor indicated there was an 80% chance she would return to work on August 31, 2020.

34. According to the EEOC guidelines,

    [l]eave as a reasonable accommodation is consistent with this purpose when it enables an employee to return to work following the period of leave. … An employer **must** consider providing unpaid leave to an employee with a disability as a reasonable accommodation if the employee requires it…. That is the case even when:

    - the employer does not offer leave as an employee benefit;
    - the employee is not eligible for leave under the employer's policy; or
    - <u>the employee has exhausted the leave the employer provides as a benefit</u> (including leave exhausted under a workers' compensation program, or the FMLA or similar state or local laws).

    (emphasis added); (https://www.eeoc.gov/eeoc/publications/ada-leave.cfm)

35. "[T]he ADA does not require an employee to show that a leave of absence is certain or even likely to be successful to prove that it is a reasonable accommodation." …. Rather, "[a]s long as a reasonable accommodation available to the employer could have plausibly enabled a handicapped employee to adequately perform [her] job, an employer is liable for failing to attempt that accommodation." [1]

36. An employee need not be aware of any certain date of recovery in order for leave to qualify as a reasonable accommodation.[2]

37. Defendant, USJ, failed to even consider an extended LOA, or engage in the ADAAA mandatory 'interactive process' and moved hastily to termination, prematurely, in violation of the ADAAA.

38. As a result of her wrongful discharge, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

39. Plaintiff seeks compensatory and punitive damages for Defendant's misconduct.

---

[1] Kimbro v. Atlantic Richfield Co., 889 F.2d 869. 879 (9th Cir. 1990))

[2] Lafever v. Acosta, Inc., 2011 U.S. Dist. LEXIS 54808; Brown v. Dunbar Armored, Inc., 2009 U.S. Dist. LEXIS 115572.

### COUNT TWO

### FAILURE TO ACCOMMODATE,
### IN VIOLATION OF THE ADAAA - DISABILITY DISCRIMINATION

40. Plaintiff incorporates paragraphs 1-30 with the same force and impact as if fully set forth herein at length.

41. Plaintiff's breast cancer qualifies as a disability under the ADAAA.

42. Defendants failed to accommodate the Plaintiff's known disability, by, among other things:

    a) Failing to engage in the interactive process, despite knowing of Plaintiff's disability;

    b) Terminating the Plaintiff's employment, on July 3, 2020, while she was still on disability leave recovering from cancer and ignoring the fact that her doctor indicated there was an 80% chance she would return to work on August 31, 2020.

43. According to the EEOC guidelines,

    [l]eave as a reasonable accommodation is consistent with this purpose when it enables an employee to return to work following the period of leave. … An employer **must** consider providing unpaid leave to an employee with a disability as a reasonable accommodation if the employee requires it…. That is the case even when:

    - the employer does not offer leave as an employee benefit;
    - the employee is not eligible for leave under the employer's policy; or
    - the employee has exhausted the leave the employer provides as a benefit (including leave exhausted under a workers' compensation program, or the FMLA or similar state or local laws).

    (emphasis added); (https://www.eeoc.gov/eeoc/publications/ada-leave.cfm)

44. "[T]he ADA does not require an employee to show that a leave of absence is certain or even likely to be successful to prove that it is a reasonable accommodation." …. Rather, "[a]s long as a reasonable accommodation available to the employer could have plausibly enabled a handicapped employee to adequately perform [her] job, an employer is liable for failing to attempt that accommodation." [3]

45. An employee need not be aware of any certain date of recovery in order for leave to qualify as a reasonable accommodation.[4]

46. An extended leave of absence has been considered by the court a reasonable accommodation under the ADAAA.

47. Defendant, USJ, failed to even consider an extended LOA, or engage in the ADAAA mandatory 'interactive process' and moved hastily to termination, prematurely, in violation of the ADAAA.

48. As a result of her wrongful discharge, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

49. Plaintiff seeks compensatory and punitive damages for Defendant's misconduct.

---

[3] Kimbro v. Atlantic Richfield Co., 889 F.2d 869. 879 (9th Cir. 1990))

[4] Lafever v. Acosta, Inc., 2011 U.S. Dist. LEXIS 54808; Brown v. Dunbar Armored, Inc., 2009 U.S. Dist. LEXIS 115572.

## COUNT THREE

### RETALIATION,
### IN VIOLATION OF THE ADAAA

50. Plaintiff incorporates paragraphs 1-49, with the same force and impact as if fully set forth herein at length.

51. Among other factors that motivated Defendant's termination of Fiore was retaliation due to her request for an extended LOA for accommodation and need to take time off of work due to her disability.

52. As a result of her wrongful discharge, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

53. Plaintiff seeks compensatory and punitive damages for Defendant's misconduct.

## COUNT FOUR

### RETALIATION,
### FOR EXERCISING FMLA RIGHTS IN VIOLATION OF 29 U.S.C. § 2612(A)(1)

54. Plaintiff hereby incorporates paragraphs 1-30 with the same force and impact as if fully set forth herein.

55. Plaintiff was entitled to an FMLA medical leave and used job-protected leave due to her qualifying serious health condition – cancer.

56. The Defendants retaliation for Plaintiff asserting her FMLA rights, includes, but is not limited to:

      (a). Terminating her employment for exercising her rights to FMLA job-protected leave.

57. Plaintiff engaged in protected activities pursuant to her rights under the FMLA.

58. The Defendant committed an adverse employment action against Plaintiff due to her engagement in protected activities.

59. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages, including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

60. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

**PRAYER FOR RELIEF**

    Wherefore the Plaintiff prays that this court award:

        1. Money damages;

        2. Costs;

        3. Punitive damages, attorney fees, and expert witness fees;

        4. Pre-judgment interest

        5. Trial by jury; and

        6. Such other relief as the Court deems just, fair, and equitable.

THE PLAINTIFF,
FILOMENA FIORE

By: _____/s/_____
Michael C. McMinn (#*ct27169*)
**THE MCMINN EMPLOYMENT LAW FIRM, LLC**
1000 Lafayette Blvd., Suite 1100
Bridgeport, CT 06604
Tel: (203) 683-6007
Fax: (203) 680-9881
michael@mcminnemploymentlaw.com

*COUNSEL FOR PLAINTIFF*