UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
FILOMENA FIORE,                 :
                                :
   plaintiff,                   :
                                :
v.                              :     CASE NO. 3:21cv1060(AWT)
                                :
UNIVERSITY OF SAINT JOSEPH,     :
                                :
   defendant.                   :
```

RULING ON DEFENDANTS'S EMERGENCY MOTION TO COMPEL

Plaintiff has filed a motion to compel discovery (Dkt. #28.) For the foregoing reasons, plaintiff's motion to compel discovery is denied without prejudice to refiling after a meet and confer.

Based on the timeline and explanation provided in defendant's brief (dkt. #34 at pp. 3-5), the Court has concluded that defendant's objections have not been waived.  Under the specific circumstances presented here, the Court, in exercising its discretion regarding discovery matters, finds that there is good cause to excuse defendant's failure to object by the deadline.  See Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80-81 (D. Conn. 2009).  The Court has reviewed the materials related to plaintiff's motion and it does not appear that a sufficient meet and confer has been held.  The failure to have a meet and confer session before filing a motion to compel

can and often does justify a court's decision to deny a motion to compel. *See* Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590 (DAB)JCF, 1998 WL 67672, at *4 (S.D.N.Y. Feb. 18, 1998)(finding that informal discussion at a deposition or the exchange of a letter does not suffice for a meet and confer). After reading defendant's objections and explanations in dkt. #34 and plaintiff's explanations and clarifications of the discovery requests, set forth in dkt. #35, it seems clear to the Court that a sincere meet and confer would be productive and would reduce the amount of time that the Court would need to spend addressing and resolving the discovery dispute.

Regarding interrogatory numbers 3, 4, and 5, the Court suggests that the parties read the Honorable Sarah A.L. Merriam's ruling in Jauhari v. Sacred Heart, Civ. No. 3:16CV680(AWT), 2017 WL 819902 (D. Conn. March 2, 2017) before making a good faith attempt to reach a reasonable resolution of the discovery dispute. Regarding interrogatory numbers 7 and 18, since defendant's objection and explanation sound like a partial answer, it appears as though a meet and confer would be productive. As for interrogatory number 8, defendant's explanation for the objection and the subsequent clarification of what plaintiff is seeking illustrate why the parties need to have a sincere meet and confer and attempt to resolve the dispute without need for court intervention. The same is true

for interrogatory numbers # 14, 19, 21, 24, and 25.  After reading the explanation behind defendant's objections to those interrogatories and plaintiff's clarification of and/or proposed modifications to those interrogatories, it seems clear that a sincere and meaningful meet and confer ought to be productive.

The Court will not address each and every one of the disputed discovery requests and explain why a sincere meet and confer seems completely necessary.  Instead, the Court will simply remind the parties that a meet and confer session "is not a mere formalism; rather, it is designed to 'encourage cooperation, requiring parties to work with opposing counsel to clarify discovery requests and resolve apparent deficiencies in discovery responses rather than resorting to formal motion practice in the first instance.' "  Trilegiant Corp. v. Sitel Corp., No. 09 Civ. 6492, 2012 WL 1883343, at *2 (S.D.N.Y. May 22, 2012)(quoting R.F.M.A.S., Inc. v. So., 271 F.R.D. 13, 43 (S.D.N.Y. 2010)) ; see also Bush v. Bowling, No. 19-CV-98-GKF-FHM, 2020 WL 3073093, at *1  (N.D. Okla. June 10, 2020)("The failure to engage in a meaningful meet and confer process is wasteful of the parties' resources and those of the court. The rules contemplate, and good practice dictates, that discovery motions filed after counsel have engaged in a sincere meet and confer will address issues narrowed for court resolution.").  After having a sincere meet and confer, the

3

parties should notify the Court which, if any, of their numerous discovery disputes still remain.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 13th day of March, 2023 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge